UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>vs.<br><br>CEDRICK F. JONES,<br><br>         Defendant. | Civil Action No. 3:23-cv-000576 |

## COMPLAINT

Plaintiff PROTECTIVE LIFE INSURANCE COMPANY ("Protective"), through undersigned counsel, files this complaint against Defendant CEDRICK F. JONES ("Jones"), and in support thereof, alleges the following:

## THE PARTIES

1. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located at 2801 U.S. Highway 280, Birmingham, Alabama 35223. At all relevant times, Protective has been authorized to transact business in the State of Florida.

2. Jones is a citizen of the State of Florida, presently residing at 9820 Creekfront Road, Apartment 810, Jacksonville, Florida 32256.

## JURISDICTION AND VENUE

1

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Protective and Jones, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court because Jones resides in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. On or around June 29, 2022, Jones applied for $200,000.00 in life insurance coverage through Protective.

6. Jones's application consisted of several parts, including an Individual Life Insurance Application (Part I) and an Individual Life Insurance Application (Part II), (collectively, the "Application"). In the Application, Jones answered questions and made representations regarding his medical and health history.

7. In the Individual Life Insurance Application (Part II), Jones represented the following in response to Question 4:

> 4. Have you ever used any form of tobacco or nicotine products?   [ ] Yes  [X] No
> If "Yes," indicate date last used.

8. The Individual Life Insurance Application (Part II), signed by Jones on June 29, 2022, contained the following affirmation:

> I declare that the answers I have given are true to the best of my knowledge and belief and that I have not withheld any material information that may influence the assessment or acceptance of this application. I agree to inform Protective Life Insurance Company of any material changes before the insurance is in effect.

9. The Declarations section of the Individual Life Insurance Application (Part I), also signed by Jones on June 29, 2022, contained the following affirmation:

> **DECLARATIONS**
> I have read or have had read to me the completed Application before signing below. I represent that all statements and answers made in all parts of this application are full, complete and true, to the best of my knowledge and belief and I have not withheld any material information that may influence the assessment or acceptance of this application. I agree to inform Protective Life Insurance Company of any material changes before the insurance goes into effect. It is agreed that:
> 1. All such statements and answers shall be the basis of any insurance issued, and my (our) answers are material to the decision as to whether the risk is accepted by Protective Life.

10. In reliance on the representations and information provided by Jones in the Application, including his response to Question 4 in the Individual Life Insurance Application (Part II), Protective issued Policy No. LU5763746 (the "Policy") to Jones at an SI-Preferred, Non-Tobacco rating, with a face amount of $200,000.00, and an effective date of July 15, 2022. The Policy was issued and delivered to Jones in the State of Florida.

11. The Policy issued to Jones specifically incorporates the Application as part of the contract, and it further provides in relevant part:

> **Representations and Contestability:** We relied on the statements in the application made by and for the Insured in determining whether to issue this Policy. These statements are representations, not warranties, but we have the right to contest the validity of this Policy or resist any claim based on a material misrepresentation in any application we accept and make part of this Policy. However, we cannot contest the validity of this Policy or resist any claim after the Policy has been in force for two years during the life of the Insured, except for the non-payment of Premium.

12. After issuing the Policy and within the two-year contractual contestable period, Protective received Jones's medical records from CareSpot Urgent Care. Upon

review of these records, Protective discovered for the first time that Jones made misrepresentations, omissions, concealments, and/or incorrect statements of certain material facts in the Application for the Policy.

13. In particular, medical records from Jones's consultations at CareSpot Urgent Care on March 18, 2018; April 22, 2020; August 17, 2021; and January 12, 2022 all reflect current tobacco/nicotine use by Jones at the time of each appointment.

14. Had Jones accurately reported his tobacco/nicotine use to Protective in response to Question 4 in the Supplemental Application (Part II), the Policy would not have been issued and placed in effect under the same terms.

15. After receiving the medical records referenced above, Protective promptly wrote to Jones on January 26, 2023, bringing the foregoing misrepresentations, omissions, concealments, and/or incorrect statements to his attention. Protective's letter further explained: "Protective wants to ensure that it has considered all material facts in determining whether to take any legal action to rescind the Policy. If you believe the facts set forth above are incorrect or irrelevant, please let me know immediately. If you have additional information that you would like Protective to consider, please let me know that as well." Protective's letter additionally offered the following: "If you do not contest the information set out above, you can choose to voluntarily cancel the Policy and receive a full refund of all premiums you have paid. You are under no obligation to voluntarily cancel the Policy. However, if you wish to do so, please sign this letter where indicated below and return it to me in the envelope provided on or before February 20, 2023."

16. Having received no response to its January 26, 2023 correspondence, Protective again wrote to Jones on February 20, 2023, stating in relevant part: "To date, Protective has not received a response from you to its January 26, 2023 letter. Because Protective wants to ensure that it has considered all material facts in determining whether to take legal action to rescind the Policy, Protective will provide another courtesy period for you to submit any additional information that you would like for Protective to consider. To this end, Protective kindly requests that you provide any such information by March 14, 2023. Please note that if you do not contest the information set out in the enclosed letter, you can also choose to voluntarily cancel the Policy and receive a full refund of all premiums you have paid."

17. Having received no response to its February 20, 2023 correspondence, Protective wrote to Jones for a third time on April 4, 2023, stating in relevant part: "Because Protective wants to ensure that it has considered all material facts in determining whether to take legal action to rescind the Policy based upon your foregoing application responses, Protective will provide one final courtesy period for you to submit any additional information that you would like for Protective to consider. To this end, Protective kindly requests that you provide such information by April 26, 2023. If we do not receive a response from you by this date, it will be necessary for Protective to refer this matter to outside counsel for further handling. Therefore, it is important that you contact Protective and provide additional information relating to your application responses by April 26, 2023. Please note that if you do not contest the information set out in the enclosed letter, you can also choose

to voluntarily cancel the Policy and receive a full refund of all premiums you have paid."

18. To date, Jones has not responded to Protective's numerous attempts to obtain further information regarding his responses and representations in the Application, necessitating the need for Protective to hire outside counsel and file this lawsuit.

## COUNT I
## RESCISSION OF POLICY

19. Protective incorporates by reference the foregoing Paragraphs 1 through 18 as if set forth fully herein.

20. Jones made misrepresentations, omissions, concealments, and/or incorrect statements to Protective in his Application as set forth above.

21. Protective relied to its detriment on Jones's misrepresentations, omissions, concealments, and/or incorrect statements, which induced Protective to issue the Policy an SI-Preferred, Non-Tobacco rating, with a face amount of $200,000.00, and an effective date of July 15, 2022.

22. These misrepresentations, omissions, concealments, and/or incorrect statements were material to Protective's acceptance of the risk in issuing and placing in force the Policy at an SI-Preferred, Non-Tobacco rating, with a face amount of $200,000.00, and an effective date of July 15, 2022.

23. Had Protective been apprised of the true facts concerning Jones's medical and health history in the Application, as required, the Policy would not have been issued and placed in effect under the same terms.

24. Jones's acts or omissions described above were done in bad faith and/or have caused Protective unnecessary trouble and expense, warranting an award of attorneys' fees in Protective's favor.

25. As part of this rescission action, Protective will deposit any Policy premiums paid by Jones into the Court's Registry.

WHEREFORE, pursuant to applicable law, Protective requests that this Honorable Court enter a judgment rescinding all coverage under the Policy on the life of Jones. Protective further requests that the Court enter a judgment awarding Protective attorneys' fees, costs of suit, and any such other legal and equitable relief to which it may be justly entitled.

## COUNT II
## FRAUD

26. Protective incorporates by reference the foregoing Paragraphs 1 through 25 as if set forth fully herein.

27. As set forth above, Jones made material misrepresentations of fact regarding his nicotine and tobacco history in the Application.

28. Jones knew that the representations in the Application concerning his medical and health history were false.

29. In making the misrepresentations described above, Jones intended to deceive Protective and cause Protective to issue the Policy at a SI-Preferred, Non-Tobacco rating, with a face amount of $200,000.00, and an effective date of July 15, 2022.

30.     Protective relied to its detriment upon Jones's false representations, which were material to Protective's issuance of the Policy at a SI-Preferred, Non-Tobacco rating, with a face amount of $200,000.00, and an effective date of July 15, 2022.

31.     Jones's acts or omissions described above were done in bad faith and/or have caused Protective unnecessary trouble and expense, warranting an award of attorneys' fees in Protective's favor.

32.     Jones's acts or omissions described above were motivated by actual malice and/or accompanied by a wanton and willful disregard of Protective's rights, warranting an award of punitive damages in Protective's favor.

WHEREFORE, pursuant to applicable law, Protective requests that this Honorable Court enter a judgment rescinding all coverage under the Policy on the life of Jones. Protective further requests that the Court enter a judgment awarding Protective compensatory damages, punitive damages, attorneys' fees, costs of suit, and any such other legal and equitable relief to which it may be justly entitled.

Protective demands a trial by jury.

Dated: May 15, 2023

/s/ *Latanae L. Parker*
Latanae L. Parker (Fla. Bar No. 76591)
MAYNARD NEXSEN, PC
9100 S. Dadeland Boulevard, Ste. 1500
Miami, Florida 33156
P: (305) 735-3753
Email: lparker@maynardnexsen.com
          vorellanos@maynardnexsen.com

*Attorneys for Plaintiff*
*Protective Life Insurance Company*